UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AVERILL BARKHOUSE and
JODY BARKHOUSE,

    Plaintiffs,

v.

DELTA AIR LINES, INC. and
GLOBEGROUND NORTH
AMERICA LLC,

    Defendants.

05 - 11660 NG

MAGISTRATE JUDGE _____

Civil Action No. _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1441 et seq. and LR 81.1 Delta Air Lines, Inc. ("Delta") hereby gives notice that it now removes this matter from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts. This action is subject to removal pursuant to the provisions of 28 U.S.C. §1441 *et seq.* for the following reasons:

1. On April 29, 2005 the plaintiffs (collectively "Barkhouse") brought a civil action against Delta and GlobeGround North America LLC ("GlobeGround") styled *Averill Barkhouse, et al v. Delta Air Lines, Inc., et al*, bearing Civil Action No. 05-1699 ("the State Court Action"). A true copy of the Complaint in that case is attached hereto and marked Exhibit A.

2. The State Court Action is one over which this Court has original jurisdiction and is removable pursuant to 28 U.S.C. §1441, in that it is a civil action between

citizens of a foreign nation and another state, and neither defendant is a citizen of the state in which the action is brought.

3. In paragraphs 1 and 2 of the Complaint, Barkhouse alleges the plaintiffs are citizens of Upper Rawdon, Nova Scotia, Canada. In paragraphs 3 and 4 Barkhouse avers that Delta and GlobeGround are Delaware corporations.

4. Liability questions aside, Delta believes that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, the amount in controversy required for removal by 28 U.S.C. §1332 (a).

5. Barkhouse served Delta with process, through its agent for service, Corporation Service Company, on August 1, 2005 but it has yet to file an Answer or otherwise respond to the State Court Action.

6. Barkhouse served GlobeGround with process, through its agent for service, Corporation Service Company, on August 1, 2005 but it has yet to file an Answer or otherwise respond to the State Court Action.

7. Counsel for GlobeGround has given her assent to remove this matter, and her Consent to Removal is attached hereto and marked Exhibit B.

8. The Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105 (the "Warsaw Convention") support the defendants' preemption defense to Barkhouse's claims, the notion that those claims arise under federal common law, and that the Complaint raises a cause of action under the Constitution, federal statute, or international treaty:

9. Promptly after filing this Notice of Removal of the State Court action, Delta will give written notice of such filing to counsel for Barkhouse, will file a copy of the

Notice of Removal with the Clerk of the State Court, and will proceed no further unless and until the case is remanded.

WHEREFORE, Delta Air Lines, Inc. respectfully requests that this case be removed from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts.

Respectfully submitted,
Delta Air Lines, Inc.
By its attorneys,

_____
Thomas R. Murphy
BBO No. 546759
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
Telephone: 617-770-2900

Dated: 8/9/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Averill Barkhouse v. Delta Airlines Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N.A.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas R. Murphy__
ADDRESS __Giarrusso, Norton, Cooley & McGlone 308 Victory Rd. Marina Bay, Quincy MA 02171__
TELEPHONE NO. __617-770-2900__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  **Nova Scotia**
(EXCEPT IN U.S. PLAINTIFF CASES)  **Canada**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. 1441**

Brief description of cause: **Removal of Personal Injury Claim**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE **8/9/05**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

AVERILL BARKHOUSE and JODY BARKHOUSE
    Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE GROUND NORTH AMERICA LLC

    Defendants



### COMPLAINT

### Parties

1. The plaintiff, Averill Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

2. The plaintiff, Jody Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

3. The defendant, Delta Air Lines, Inc. ("Delta") is a Delaware Corporation with its principal place of business at 1030 Delta Blvd Dept. 852 Altlanta, GA, 30320. Delta's resident agent in Massachusetts is Corporation Service Company, 84 State Street, Boston, MA 02109.

4. The defendant, GlobeGround North America LLC ("GlobeGround"), is a Delaware Corporation with its principal place of business at 111 Great Neck Road, Great Neck, MA 11022-0000. GlobeGround's resident agent is CT Corporation System, 101 Federal Street, Boston, MA 02110.

### Facts

5. On May 3, 2003 Averill Barkhouse and Jody Barkhouse were passengers on Delta flight DL2070 originating in Atlanta, Georgia with a destination of Boston, Massachusetts.

6. Flight DL2070 was the first segment of a trip with the final destination of Halifax, Nova Scotia. The lack of a direct flight from Atlanta required the Barkhouse's to change of planes in Boston.

7. Averill Barkhouse was a quadriplegic, traveled with a custom motorized wheelchair and required assistance in embarking and disembarking the aircraft.

8. Upon information and belief GlobeGround was contracted by Delta airlines to provide Delta with certain ground based services at Boston's Logan International Airport, including, inter alia, assistance in transferring physically disabled passengers to and from Delta's aircraft.

9. Delta and GlobeGround were on notice of Averill Barkhouse's medical condition and his need for assistance embarking and disembarking Delta's aircraft in Boston.

10. GlobeGround's employees failed to use ordinary care in transferring Averill Barkhouse from his seat on Delta flight DL2070 to a wheelchair in Boston.

11. As a result of the negligence of GlobeGround's employees, Averill Barkhouse suffered serious personal injuries, including but not limited to a fracture to his left hip.

**COUNT I – NEGLIGENCE – (Averill Barkhouse against all Defendants)**

12. The plaintiff, Averill Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

14. As a direct and proximate result of the negligence of each defendant plaintiff, Averill Barkhouse was caused to suffer serious debilitating physical injuries including mental and physical pain.

WHEREFORE, the Plaintiff, Averill Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

**COUNT II – LOSS OF CONSORTIUM – (Jody Barkhouse against all Defendants)**

15. The plaintiff, Jody Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

16. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

17. As a direct and proximate result of the negligence of each defendant plaintiff, Jody Barkhouse Averill Barkhouse was caused to suffer a loss of consortium, company,

society, and affection of Averill Barkhouse due to the serious debilitating physical injuries he suffered due to the negligence of the defendants.

WHEREFORE, the Plaintiff, Jody Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

## JURY CLAIM

The plaintiff hereby requests a trial by jury.

By his attorneys,

_____
Kevin C. Cain #550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

PABOS2:KCAIN:613621_1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVERILL BARKHOUSE AND<br>JODY BARKHOUSE,<br>　　　　　Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES and GLOBEGROUND<br>NORTH AMERICA LLC,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>) |

### CONSENT TO REMOVAL

Defendant, GlobeGround North America, LLC, with full reservation of all rights and defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and improper venue, through its duly authorized representative, hereby joins in the Notice of Removal filed herein on August 9th, 2005, and further consents to removal of the above-captioned action to this Court as if defendant had executed the aforementioned Notice as a joint petitioner.

Respectfully Submitted,
GlobeGround North America, LLC

By Its Attorney and Authorized Agent,
Helen E. Tsingos, BBO#62962
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

42037.1

## CERTIFICATE OF SERVICE

I, Thomas R. Murphy, attorney for the Delta Air Lines, Inc., hereby certify that on this 9th day of August, 2005, I served a copy of the within

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

on counsel of record by mailing a copy thereof by class-mail, postage prepaid, to:

Kevin C. Cain, Esquire
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA  02110

Helen E. Tsingos, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal Street
Boston, MA  02110

Thomas R. Murphy