MASXF-20050325
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/26/2005
10:28 AM

## SUCV2005-01699
## Barkhouse et al v Delta Airlines Inc et al

05cv11660
NG

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/29/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/26/2005 | **Session** | B - Civil B, 3 Pemberton Square, Boston | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 07/28/2005 | **Answer** | 09/26/2005 | **Rule12/19/20** | 09/26/2005 |
| **Rule 15** | 09/26/2005 | **Discovery** | 02/23/2006 | **Rule 56** | 03/25/2006 |
| **Final PTC** | 04/24/2006 | **Disposition** | 06/23/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Averill Barkhouse
Active 04/29/2005

**Private Counsel 550055**
Kevin C Cain
Peabody & Arnold
30 Rowes Wharf
6th floor
Boston, MA 02110-3342
Phone: 617-951-2100
Fax: 617-951-2125
Active 04/29/2005 Notify

**Plaintiff**
Jody Barkhouse
Active 04/29/2005

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Delta Airlines Inc
Served: 07/29/2005
Served (answr pending) 08/08/2005

**Private Counsel 546759**
Thomas R Murphy
Giarrusso Norton Cooley & McGlone
308 Victory Road
Marina Bay
Quincy, MA 02171
Phone: 617-770-2900
Fax: 617-773-6934
Active 08/26/2005 Notify

**Defendant**
Globe Ground North America LLC
Served: 07/29/2005
Served (answr pending) 07/29/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/29/2005 | 1.0 | Complaint & jury demand on complaint |
| 04/29/2005 | | Origin 1, Type B04, Track F. |

MASXP-20050325

guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/26/2005
10:28 AM

## SUCV2005-01699
### Barkhouse et al v Delta Airlines Inc et al

| Date | Paper | Text |
|------|-------|------|
| 04/29/2005 | 2.0 | Civil action cover sheet filed |
| 07/29/2005 | 3.0 | SERVICE RETURNED: Delta Airlines Inc(Defendant) (certified mail on 7/29/05) |
| 07/29/2005 | 4.0 | SERVICE RETURNED: Globe Ground North America LLC(Defendant) (certified mail on 7/29/05) |
| 08/03/2005 | | Case status changed to 'Needs review for answers' at service deadline review |
| 08/08/2005 | 5.0 | Affidavit of compliance by Kevin C Cain with proof of service of complaint re: Delta Airlines Inc by certified mail return receipt on 8/2/05 |
| 08/08/2005 | 6.0 | SERVICE RETURNED (summons): Globe Ground North America LLC, service made on August 01, 2005 (agent in charge service) in hand to Y Concepcion, Process Clerk |
| 08/08/2005 | 7.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Globe Ground North America LLC by certified mail return receipt on 7/29/05 |
| 08/26/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Delta Air Lines, Inc. U. S. Dist.#(05-11660NG). |
| 08/26/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

AUGUST  26 ,  2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _____

ASSISTANT CLERK.

1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

| |
|---|
| AVERILL BARKHOUSE and JODY BARKHOUSE |
| Plaintiff |
| |
| v. |
| |
| DELTA AIRLINES, INC. and GLOBE GROUND NORTH AMERICA LLC |
| |
| Defendants |



### COMPLAINT

#### Parties

1. The plaintiff, Averill Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

2. The plaintiff, Jody Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

3. The defendant, Delta Air Lines, Inc. ("Delta") is a Delaware Corporation with its principal place of business at 1030 Delta Blvd Dept. 852 Altlanta, GA, 30320. Delta's resident agent in Massachusetts is Corporation Service Company, 84 State Street, Boston, MA 02109.

4. The defendant, GlobeGround North America LLC ("GlobeGround"), is a Delaware Corporation with its principal place of business at 111 Great Neck Road, Great Neck, MA 11022-0000. GlobeGround's resident agent is CT Corporation System, 101 Federal Street, Boston, MA 02110.

#### Facts

5. On May 3, 2003 Averill Barkhouse and Jody Barkhouse were passengers on Delta flight DL2070 originating in Atlanta, Georgia with a destination of Boston, Massachusetts.

6. Flight DL2070 was the first segment of a trip with the final destination of Halifax, Nova Scotia. The lack of a direct flight from Atlanta required the Barkhouse's to change of planes in Boston.

7. Averill Barkhouse was a quadriplegic, traveled with a custom motorized wheelchair and required assistance in embarking and disembarking the aircraft.

8. Upon information and belief GlobeGround was contracted by Delta airlines to provide Delta with certain ground based services at Boston's Logan International Airport, including, inter alia, assistance in transferring physically disabled passengers to and from Delta's aircraft.

9. Delta and GlobeGround were on notice of Averill Barkhouse's medical condition and his need for assistance embarking and disembarking Delta's aircraft in Boston.

10. GlobeGround's employees failed to use ordinary care in transferring Averill Barkhouse from his seat on Delta flight DL2070 to a wheelchair in Boston.

11. As a result of the negligence of GlobeGround's employees, Averill Barkhouse suffered serious personal injuries, including but not limited to a fracture to his left hip.

## COUNT I – NEGLIGENCE – (Averill Barkhouse against all Defendants)

12. The plaintiff, Averill Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

14. As a direct and proximate result of the negligence of each defendant plaintiff, Averill Barkhouse was caused to suffer serious debilitating physical injuries including mental and physical pain.

WHEREFORE, the Plaintiff, Averill Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

## COUNT II – LOSS OF CONSORTIUM – (Jody Barkhouse against all Defendants)

15. The plaintiff, Jody Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

16. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

17. As a direct and proximate result of the negligence of each defendant plaintiff, Jody Barkhouse Averill Barkhouse was caused to suffer a loss of consortium, company,

2

society, and affection of Averill Barkhouse due to the serious debilitating physical injuries he suffered due to the negligence of the defendants.

WHEREFORE, the Plaintiff, Jody Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

## JURY CLAIM

The plaintiff hereby requests a trial by jury.

By his attorneys,

Kevin C. Cain #550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

PABOS2:KCAIN:613621_1

I HEREBY ATTEST AND CERTIFY ON

AUGUST 26, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

3

**CIVIL ACTION COVER SHEET**

Trial Court of Massachusetts
Superior Court Department
County: Suffolk

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Averill Barkhouse and Jody Barkhouse | Delta Air Lines, Inc. and GlobeGround North America, LLC |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Kevin C. Cain BBO# 550055
Peabody & Arnold LLP
30 Rowes Wharf, Boston, MA 02110
Board of Bar Overseers number:

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B04   TYPE OF ACTION (specify) Negligence   TRACK ( F )   IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................... (estimated) $ 10,000.00
2. Total Doctor expenses ................................... $
3. Total chiropractic expenses ............................. $
4. Total physical therapy expenses ........................ $
5. Total other expenses (describe) ........................ $
Subtotal $
B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date ..................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ....................... $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered a fractured left hip and contusions.

TOTAL $ 10,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   DATE 4/29/05

I HEREBY ATTEST AND CERTIFY ON
AUGUST 26, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK.

3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-1699-

AVERILL BARKHOUSE and JODY
BARKHOUSE

      Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

      Defendants

## AFFIDAVIT OF SERVICE

I, Kevin C. Cain, hereby depose under oath and state as follows:

1.  On July 29, 2005, I served a copy of the summons and complaint relating to this matter by certified mail, return receipt requested, on the principal office of Delta Air Lines, Inc., 1030 Delta Boulevard, Dept. 852, Atlanta, Georgia 30320.

2.  Attached to this affidavit as Exhibit A is a true and accurate copy of my cover letter with enclosures, and the certified mail receipt.

Signed under the pains and penalties of perjury this 29th day of July, 2005.

I HEREBY ATTEST AND CERTIFY ON
AUGUST 26, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

619794_1  BY:

ASSISTANT CLERK.

Kevin C. Cain # 550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

EX A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delta Air Lines, Inc.
1030 Delta Blvd.
Dept. 852
Atlanta, GA 30320

2. Article Number
   *(Transfer from service label)*

   7004 0550 0000 5007 2526

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

Postage $

Certified Fee
14953

Return Receipt Fee
(Endorsement Required)
91229

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Sent To
Delta Air Lines, Inc.
Street, Apt. No.; 1030 Delta Boulevard
or PO Box No. Dept. 852
City, State, ZIP+4
Atlanta, GA 30320

KCC

Postmark
Here

PS Form 3800, June 2002          See Reverse for Instructions

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7004 0550 0000 5007 2526

7004 0550 0000 5007 2526

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCAIN@PEABODYARNOLD.COM

July 29, 2005

## Via Certified Mail, Return Receipt Requested

Delta Air Lines, Inc.
1030 Delta Boulevard
Dept. 852
Atlanta, GA 30320

Re:   Averill Barkhouse,et al. v. Delta Airlines, Inc. and Globe Ground North America LLC
Suffolk Superior Court, Civil Action No. 05-1699

Dear Sir/Madam:

Enclosed please find a Summons and Complaint with reference to the above-captioned matter.

To ensure that your interests are properly protected, please forward the Summons and Complaint to your attorney or insurance carrier immediately.

Very truly yours,

Kevin C. Cain

KCC/dg
Enclosures
619785_1
14953-91229

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1699

Averill Barkhouse and Jody Barkhouse _____ , Plaintiff(s)

v.

Delta Airlines, Inc. and Globe Ground North , Defendant(s)
America LLC

## SUMMONS

To the above-named Defendant: Delta Airlines, Inc.

You are hereby summoned and required to serve upon Kevin C. Cain, Esq.,
Peabody & Arnold LLP

plaintiff's attorney, whose address is 30 Rowes Wharf, Boston, MA  02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ............ cchlo, Esquire, at Boston, the twenty-ninth day of
July , in the year of our Lord two thousand and five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT  (2) MOTOR VEHICLE TORT — (3) CONTRACT  – (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COVER SHEET                                                    Superior Court Department
                                                               County:    Suffolk

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Averill Barkhouse and Jody Barkhouse | Delta Air Lines, Inc. and GlobeGround North America, LLC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kevin C. Cain BBO# 550055 Peabody & Arnold LLP Board of Bar Overseers number 30 Rowes Wharf, Boston, MA 02110 | |

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal C.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

RECEIVED
APR 29 2005
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ....................................(estimated) ..... $ 10,000.00
   2. Total Doctor expenses .................................................. $ ............
   3. Total chiropractic expenses ............................................ $ ............
   4. Total physical therapy expenses ....................................... $ ............
   5. Total other expenses (describe) ....................................... $ ............
                                                               Subtotal $ ............
B. Documented lost wages and compensation to date ............................ $ ............
C. Documented property damages to date ...................................... $ ............
D. Reasonably anticipated future medical and hospital expenses ............... $ ............
E. Reasonably anticipated lost wages ........................................ $ ............
F. Other documented items of damages (describe)
                                                               $ ............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   **Plaintiff suffered a fractured left hip and contusions.**

                                                      TOTAL $ 10,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                      TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                DATE: 4/29/05

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

---

AVERILL BARKHOUSE and JODY
BARKHOUSE

      Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

      Defendants



05-1699

RECEIVED

APR 29 2005

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

COMPLAINT

---

### Parties

1. The plaintiff, Averill Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

2. The plaintiff, Jody Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

3. The defendant, Delta Air Lines, Inc. ("Delta") is a Delaware Corporation with its principal place of business at 1030 Delta Blvd Dept. 852 Altlanta, GA, 30320. Delta's resident agent in Massachusetts is Corporation Service Company, 84 State Street, Boston, MA 02109.

4. The defendant, GlobeGround North America LLC ("GlobeGround"), is a Delaware Corporation with its principal place of business at 111 Great Neck Road, Great Neck, MA 11022-0000. GlobeGround's resident agent is CT Corporation System, 101 Federal Street, Boston, MA 02110.

### Facts

5. On May 3, 2003 Averill Barkhouse and Jody Barkhouse were passengers on Delta flight DL2070 originating in Atlanta, Georgia with a destination of Boston, Massachusetts.

6. Flight DL2070 was the first segment of a trip with the final destination of Halifax, Nova Scotia. The lack of a direct flight from Atlanta required the Barkhouse's to change of planes in Boston.

7. Averill Barkhouse was a quadriplegic, traveled with a custom motorized wheelchair and required assistance in embarking and disembarking the aircraft.

8. Upon information and belief GlobeGround was contracted by Delta airlines to provide Delta with certain ground based services at Boston's Logan International Airport, including, inter alia, assistance in transferring physically disabled passengers to and from Delta's aircraft.

9. Delta and GlobeGround were on notice of Averill Barkhouse's medical condition and his need for assistance embarking and disembarking Delta's aircraft in Boston.

10. GlobeGround's employees failed to use ordinary care in transferring Averill Barkhouse from his seat on Delta flight DL2070 to a wheelchair in Boston.

11. As a result of the negligence of GlobeGround's employees, Averill Barkhouse suffered serious personal injuries, including but not limited to a fracture to his left hip.

## COUNT I – NEGLIGENCE – (Averill Barkhouse against all Defendants)

12. The plaintiff, Averill Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

14. As a direct and proximate result of the negligence of each defendant plaintiff, Averill Barkhouse was caused to suffer serious debilitating physical injuries including mental and physical pain.

WHEREFORE, the Plaintiff, Averill Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

## COUNT II – LOSS OF CONSORTIUM – (Jody Barkhouse against all Defendants)

15. The plaintiff, Jody Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

16. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

17. As a direct and proximate result of the negligence of each defendant plaintiff, Jody Barkhouse Averill Barkhouse was caused to suffer a loss of consortium, company,

2

society, and affection of Averill Barkhouse due to the serious debilitating physical injuries he suffered due to the negligence of the defendants.

WHEREFORE, the Plaintiff, Jody Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

## JURY CLAIM

The plaintiff hereby requests a trial by jury.

By his attorneys,

Kevin C. Cain #550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

PABOS2:KCAIN:613621_1

3

4

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
                                            SUPERIOR COURT
                                            CIVIL ACTION NO. 05-1699

---

AVERILL BARKHOUSE and JODY
BARKHOUSE

        Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

        Defendants

---

### AFFIDAVIT OF SERVICE

I, Kevin C. Cain, hereby depose under oath and state as follows:

1.    On July 29, 2005, I served a copy of the summons and complaint relating to this matter by certified mail, return receipt requested, on the principal office of Globe Ground North America LLC, 111 Great Neck Road, Suite 600, Post Office Box 355, Great Neck, NY 11022-0355.

2.    Attached to this affidavit as Exhibit A is a true and accurate copy of my cover letter with enclosures, and the certified mail receipt.

Signed under the pains and penalties of perjury this 29th day of July, 2005.

I HEREBY ATTEST AND CERTIFY ON
AUGUST 26, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

619797_1

Kevin C. Cain # 550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

EX f

7004 2890 0004 8011 5052

7004 2890 0004 8011 5052

**CERTIFIED MAIL**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

### OFFICIAL USE

| | Postage | $ | |
| KCC 14953/ | Certified Fee | | |
| 91229 | Return Receipt Fee (Endorsement Required) | | Postmark Here |
| | Restricted Delivery Fee (Endorsement Required) | | |
| | Total Postage & Fees | $ | |

Sent To
Globe Ground North America LLC
Street, Apt. No.; 111 Great Neck Rd, #600
or PO Box No. P. O. Box 355
City, State, ZIP+4
Great Neck, NY  11022-0355

PS Form 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Globe Ground North America LLC
111 Great Neck Road, Suite 600
P. O. Box 355
Great Neck, NY  11022-0355

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7004 2890 0004 8011 5052

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCAIN@PEABODYARNOLD.COM

July 29, 2005

## Via Certified Mail, Return Receipt Requested

Globe Ground North America LLC
111 Great Neck Road, Suite 600
P. O. Box 355
Great Neck, NY 11022-0355

Re:   Averill Barkhouse,et al. v. Delta Airlines, Inc. and Globe Ground North America LLC
      Suffolk Superior Court, Civil Action No. 05-1699

Dear Sir/Madam:

Enclosed please find a Summons and Complaint with reference to the above-captioned matter.

To ensure that your interests are properly protected, please forward the Summons and Complaint to your attorney or insurance carrier immediately.

Very truly yours,

Kevin C. Cain

KCC/dg
Enclosures
619787_1
14953-91229

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1699

Averill Barkhouse and Jody Barkhouse , Plaintiff(s)

v.

Delta Airlnes, Inc. and Globe Ground North , Defendant(s)
America LLC

## SUMMONS

To the above-named Defendant: Globe Ground North America LLC

You are hereby summoned and required to serve upon Kevin C. Cain, Esq.,
Peabody & Arnold LLP

plaintiff's attorney, whose address is 30 Rowes Wharf, Boston, MA 02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** io, Esquire, at Boston, the twenty-ninth day of
July , in the year of our Lord two thousand and five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT  (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

**COVER SHEET**

Superior Court Department
County:    Suffolk

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Averill Barkhouse and Jody Barkhouse | Delta Air Lines, Inc. and GlobeGround North America, LL COPY |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kevin C. Cain BBO# 550055 Peabody & Arnold LLP Board of Bar Overseers number 30 Rowes Wharf, Boston, MA 02110 | |

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal C.231, s. 97 &104 (After trial) (X)    RECEIVED
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

MICHAEL JOSEPH DONOVAN
SUPERIOR COURT - CIVIL
MAGISTRATE

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses ............................................... (estimated) ..... $ 10,000.00
2.  Total Doctor expenses ................................................................. $ ............
3.  Total chiropractic expenses ............................................................ $ ............
4.  Total physical therapy expenses ....................................................... $ ............
5.  Total other expenses (describe) ........................................................ $ ............
        Subtotal $ ............
B.  Documented lost wages and compensation to date ............................................ $ ............
C.  Documented property damages to date ..................................................... $ ............
D.  Reasonably anticipated future medical and hospital expenses ................................ $ ............
E.  Reasonably anticipated lost wages ........................................................ $ ............
F.  Other documented items of damages (describe)
        $ ............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
        **Plaintiff suffered a fractured left hip, and contusions.**

TOTAL $ 10,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                    DATE: 4/29/05

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

AVERILL BARKHOUSE and JODY
BARKHOUSE

     Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

     Defendants



05-1699

RECEIVED

APR 29 2005

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

COMPLAINT

## Parties

1. The plaintiff, Averill Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

2. The plaintiff, Jody Barkhouse, is a natural person who currently resides at 3849 Highway 14, Upper Rawdon, Nova Scotia, Canada.

3. The defendant, Delta Air Lines, Inc. ("Delta") is a Delaware Corporation with its principal place of business at 1030 Delta Blvd Dept. 852 Altlanta, GA, 30320. Delta's resident agent in Massachusetts is Corporation Service Company, 84 State Street, Boston, MA 02109.

4. The defendant, GlobeGround North America LLC ("GlobeGround"), is a Delaware Corporation with its principal place of business at 111 Great Neck Road, Great Neck, MA 11022-0000. GlobeGround's resident agent is CT Corporation System, 101 Federal Street, Boston, MA 02110.

## Facts

5. On May 3, 2003 Averill Barkhouse and Jody Barkhouse were passengers on Delta flight DL2070 originating in Atlanta, Georgia with a destination of Boston, Massachusetts.

6. Flight DL2070 was the first segment of a trip with the final destination of Halifax, Nova Scotia. The lack of a direct flight from Atlanta required the Barkhouse's to change of planes in Boston.

7. Averill Barkhouse was a quadriplegic, traveled with a custom motorized wheelchair and required assistance in embarking and disembarking the aircraft.

8. Upon information and belief GlobeGround was contracted by Delta airlines to provide Delta with certain ground based services at Boston's Logan International Airport, including, inter alia, assistance in transferring physically disabled passengers to and from Delta's aircraft.

9. Delta and GlobeGround were on notice of Averill Barkhouse's medical condition and his need for assistance embarking and disembarking Delta's aircraft in Boston.

10. GlobeGround's employees failed to use ordinary care in transferring Averill Barkhouse from his seat on Delta flight DL2070 to a wheelchair in Boston.

11. As a result of the negligence of GlobeGround's employees, Averill Barkhouse suffered serious personal injuries, including but not limited to a fracture to his left hip.

### COUNT I – NEGLIGENCE – (Averill Barkhouse against all Defendants)

12. The plaintiff, Averill Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

14. As a direct and proximate result of the negligence of each defendant plaintiff, Averill Barkhouse was caused to suffer serious debilitating physical injuries including mental and physical pain.

WHEREFORE, the Plaintiff, Averill Barkhouse, demands judgment against the defendants, jointly and severally, for the damages herein described, in a full and just amount, together with interest and costs.

### COUNT II – LOSS OF CONSORTIUM – (Jody Barkhouse against all Defendants)

15. The plaintiff, Jody Barkhouse repeats and realleges the allegations contained in paragraphs 1 through 11 and incorporates them as if fully set forth herein.

16. Each defendant owed the plaintiff a duty of care in the transfer of Averill Barkhouse from the Delta aircraft to the terminal.

17. As a direct and proximate result of the negligence of each defendant plaintiff, Jody Barkhouse Averill Barkhouse was caused to suffer a loss of consortium, company,

society, and affection of Averill Barkhouse due to the serious debilitating physical
injuries he suffered due to the negligence of the defendants.

WHEREFORE, the Plaintiff, Jody Barkhouse, demands judgment against the defendants,
jointly and severally, for the damages herein described, in a full and just amount, together with
interest and costs.

## JURY CLAIM

The plaintiff hereby requests a trial by jury.

By his attorneys,

Kevin C. Cain #550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

PABOS2:KCAIN:613621_1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-1699

AVERILL BARKHOUSE and JODY
BARKHOUSE

        Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

        Defendants

## AFFIDAVIT OF SERVICE

I, Kevin C. Cain, hereby depose under oath and state as follows:

1.      On July 29, 2005, I served a copy of the summons and complaint relating to this matter by certified mail, return receipt requested, on the principal office of Delta Air Lines, Inc., 1030 Delta Boulevard, Dept. 852, Atlanta, Georgia 30320. Also, on August 1, 2005, I caused to be served by the Suffolk County Sheriff's Department a copy of the summons and complaint upon Delta Air Lines c/o Corporation Service Company, 84 State Street, Boston, Massachusetts.

2.      Attached to this affidavit as Exhibit A is a true and accurate copy of my cover letter, the original summons with original return of service, and the signed original domestic return receipt.

Signed under the pains and penalties of perjury this 5th day of August, 2005.

I HEREBY ATTEST AND CERTIFY ON
AUGUST 26, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

619794_1   BY:

ASSISTANT CLERK.

Kevin C. Cain # 550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100



**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA    PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCAIN@PEABODYARNOLD.COM

July 29, 2005

**Via Certified Mail, Return Receipt Requested**

Delta Air Lines, Inc.
1030 Delta Boulevard
Dept. 852
Atlanta, GA 30320

Re:    Averill Barkhouse,et al. v. Delta Airlines, Inc. and Globe Ground North America LLC
       Suffolk Superior Court, Civil Action No. 05-1699

Dear Sir/Madam:

       Enclosed please find a Summons and Complaint with reference to the above-captioned
matter.

       To ensure that your interests are properly protected, please forward the Summons and
Complaint to your attorney or insurance carrier immediately.

Very truly yours,

Kevin C. Cain

KCC/dg
Enclosures
619785_1
14953-91229

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| KCC | Postage | $ |
| 14953 | Certified Fee | |
| 91229 | Return Reciept Fee (Endorsement Required) | |
| | Restricted Delivery Fee (Endorsement Required) | |
| | Total Postage & Fees | $ |

Postmark Here

*Sent To*
Delta Air Lines, Inc.
*Street, Apt. No.;* 1030 Delta Boulevard
*or PO Box No.*
*City, State, ZIP+4* Dept. 852
Atlanta, GA  30320

PS Form 3800, June 2002                    See Reverse for Instructions

7004 0550 4007

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delta Air Lines, Inc.
1030 Delta Blvd.
Dept. 852
Atlanta, GA  30320

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                  2/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)       7004 0550 0000 5007 2526

PS Form 3811, February 2004     Domestic Return Receipt        102595-02-M-1540

# Commonwealth of Massachusetts

6

SUFFOLK. ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1699

Averill Barkhouse and Jody Barkhouse , Plaintiff(s)

v.

Delta Airlines, Inc. and Globe Ground North , Defendant(s)
America LLC

## SUMMONS

To the above-named Defendant: Globe Ground North America LLC

You are hereby summoned and required to serve upon Kevin C. Cain, Esq.
Peabody & Arnold LLP

plaintiff's attorney. whose address is 30 Rowes Wharf, Boston, MA  02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse ___o, Esquire, at Boston, the twenty-ninth day of
July , in the year of our Lord two thousand and five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure

2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant

3  TO PLAINTIFF'S ATTORNEY PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

AUGUST 26, 2005 . THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _____

ASSISTANT CLERK.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

7

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-1699

AVERILL BARKHOUSE and JODY
BARKHOUSE

       Plaintiff

v.

DELTA AIRLINES, INC. and GLOBE
GROUND NORTH AMERICA LLC

       Defendants

## AFFIDAVIT OF SERVICE

I, Kevin C. Cain, hereby depose under oath and state as follows:

1.    On July 29, 2005, I served a copy of the summons and complaint relating to this matter by certified mail, return receipt requested, on the principal office of Globe Ground North America LLC, 111 Great Neck Road, Suite 600, Post Office Box 355, Great Neck, NY 11022-0355. Also, on August 3, 2005, I caused to be served by the Suffolk County Sheriff's Department a copy of the summons and complaint upon Globe Ground North America LLC c/o Registered Agent, CT Corporation System, 101 Federal Street, Boston, Massachusetts.

2.    Attached to this affidavit as Exhibit A is a true and accurate copy of my cover letter, the original summons with original return of service, and the signed original domestic return receipt.

Signed under the pains and penalties of perjury this ___4th___ day of August, 2005.

**I HEREBY ATTEST AND CERTIFY ON**

AUGUST 26, 2005 THAT THE

**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY

    ASSISTANT CLERK.

Kevin C. Cain # 550055
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

620198_1

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCAIN@PEABODYARNOLD.COM

July 29, 2005

## Via Certified Mail, Return Receipt Requested

Globe Ground North America LLC
111 Great Neck Road, Suite 600
P. O. Box 355
Great Neck, NY  11022-0355

Re:    Averill Barkhouse,et al. v. Delta Airlines, Inc. and Globe Ground North America LLC
       Suffolk Superior Court, Civil Action No. 05-1699

Dear Sir/Madam:

Enclosed please find a Summons and Complaint with reference to the above-captioned matter.

To ensure that your interests are properly protected, please forward the Summons and Complaint to your attorney or insurance carrier immediately.

Very truly yours,

Kevin C. Cain

KCC/dg
Enclosures
619787_1
14953-91229

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

August 3, 2005
I hereby certify and return that on 8/1/2005 at  3:55PM I served a true and
attested copy of the Summons, Amended Complaint and Statement of Damages in this
action in the following manner: To wit, by delivering in hand to B.Montanez,Process
Clerk,agent at the time of service for Delta Air Lines, Inc., at ,  Corporation
Service Company,  84 State Street Boston, MA. Basic Service Fee (IH) ($30.00),
Service Company,  84 State Street Boston, MA. Basic Service Fee (IH) ($30.00),
Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges
$37.00

*Deputy Sheriff*

Deputy Sheriff    John Cotter
N.B. ? **TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 200  .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-1699

Averill Barkhouse and Jody Barkhouse _____ , Plff(s).

v.

Delta Airlines, Inc. and Globe Ground North, Deft(s).
America LLC

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

KCC



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

KCC
14953/
91229

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Globe Ground North America LLC
Street, Apt. No.; or PO Box No. III Great Neck Rd, #600
         P. O. Box 355
City, State, Zip+4 Great Neck, NY 11022-0355

PS Form 3800, June 2002                    See Reverse for Instructions

7004 2890 0004 8011 5052

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Globe Ground North America LLC
III Great Neck Road, Suite 600
P. O. Box 355
Great Neck, NY 11022-0355

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  [signature]                         ☐ Agent
                                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                   AUG 0 1 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

                    AUG 0 1 2005

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0004 8011 5052

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Suffolk Superior Civil # 05 - 1 6 9 9 /

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 05 - 11660 NG

AVERILL BARKHOUSE and
JODY BARKHOUSE,

Plaintiffs,

v.

DELTA AIR LINES, INC. and
GLOBEGROUND NORTH
AMERICA LLC,

Defendants.



SUFFOLK SUPERIOR COURT
CIVIL DOCKET'S OFFICE
OFFICE

2005 AUG 26 A 10 52

MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

... that the
foregoing document is a true and correct copy of the
electronic docket in the captioned case
electronically filed original filed on
original filed in my office on ___ 4 10 05
Sarah A. Thornton
Clerk U.S. District Court
District of Massachusetts
By:___
Deputy Clerk

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. § 1441 et seq. and LR 81.1 Delta Air Lines, Inc. ("Delta")

hereby gives notice that it now removes this matter from the Superior Court Department of

the Trial Court of the Commonwealth of Massachusetts for Suffolk County to the United

States District Court for the District of Massachusetts. This action is subject to removal

pursuant to the provisions of 28 U.S.C. §1441 *et seq.* for the following reasons:

1.    On April 29, 2005 the plaintiffs (collectively "Barkhouse") brought a civil action

      against Delta and GlobeGround North America LLC ("GlobeGround") styled

      *Averill Barkhouse, et al v. Delta Air Lines, Inc., et al*, bearing Civil Action No. 05-

      1699 ("the State Court Action"). A true copy of the Complaint in that case is

      attached hereto and marked Exhibit A.

2.    The State Court Action is one over which this Court has original jurisdiction and

      is removable pursuant to 28 U.S.C. §1441, in that it is a civil action between

citizens of a foreign nation and another state, and neither defendant is a citizen
of the state in which the action is brought.

3.    In paragraphs 1 and 2 of the Complaint, Barkhouse alleges the plaintiffs are
      citizens of Upper Rawdon, Nova Scotia, Canada. In paragraphs 3 and 4
      Barkhouse avers that Delta and GlobeGround are Delaware corporations.

4.    Liability questions aside, Delta believes that the amount in controversy in this
      matter exceeds $75,000, exclusive of interest and costs, the amount in
      controversy required for removal by 28 U.S.C. §1332 (a).

5.    Barkhouse served Delta with process, through its agent for service, Corporation
      Service Company, on August 1, 2005 but it has yet to file an Answer or
      otherwise respond to the State Court Action.

6.    Barkhouse served GlobeGround with process, through its agent for service,
      Corporation Service Company, on August 1, 2005 but it has yet to file an Answer
      or otherwise respond to the State Court Action.

7.    Counsel for GlobeGround has given her assent to remove this matter, and her
      Consent to Removal is attached hereto and marked Exhibit B.

8.    The Convention for the Unification of Certain Rules Relating to International
      Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934),
      reprinted in note following 49 U.S.C. § 40105 (the "Warsaw Convention")
      support the defendants' preemption defense to Barkhouse's claims, the notion
      that those claims arise under federal common law, and that the Complaint raises
      a cause of action under the Constitution, federal statute, or international treaty:

9.    Promptly after filing this Notice of Removal of the State Court action, Delta will
      give written notice of such filing to counsel for Barkhouse, will file a copy of the

Notice of Removal with the Clerk of the State Court, and will proceed no further unless and until the case is remanded.

WHEREFORE, Delta Air Lines, Inc. respectfully requests that this case be removed from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts.

Respectfully submitted,
Delta Air Lines, Inc.
By its attorneys,

Thomas R. Murphy
BBO No. 546759
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
Telephone: 617-770-2900

Dated: