UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY 22 P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AVERILL BARKHOUSE AND JODY BARKHOUSE, Plaintiffs, v. DELTA AIR LINES and GLOBEGROUND NORTH AMERICA LLC, Defendants. | CIVIL ACTION NO. 05-11660-NG |

### INITIAL DISCLOSURE OF GLOBEGROUND NORTH AMERICA LLC

GlobeGround North America LLC ("GlobeGround") hereby complies with its initial disclosure requirements pursuant to Fed. R. Civ. P. 26 and L.R. 26.2(A):

(A) **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

1. Averill Barkhouse, Halifax, Canada

    Mr. Barkhouse is a plaintiff in this litigation. Mr. Barkhouse is likely to have discoverable information regarding the circumstances surroundings the alleged incident. Mr. Barkhouse is also likely to have discoverable information relating to his medical history as well as his restrictions and limitations.

2. Jody Barkhouse, Halifax, Canada

    Ms. Barkhouse is a plaintiff in this litigation. Ms. Barkhouse is likely to have discoverable information regarding the circumstances surroundings Mr. Barkhoue's alleged incident. Ms. Barkhouse is also likely to have discoverable information relating to Mr. Barkhouse's medical history as well as his restrictions and limitations.

3. Josephine Harrett, Halifax, Canada

58155.1

Ms. Harrettt has been identified by plaintiff and Delta Air Lines, Inc. as a percipient witness. To the extent Ms. Harrett is a percipient witness to the alleged incident, she may have discoverable information regarding the alleged incident.

4.  David Carter, Halifax, Canada

    Mr. Carter has been identified by plaintiff and Delta Air Lines, Inc. as a percipient witness. To the extent Mr. Carter is a percipient witness to the alleged incident, she may have discoverable information regarding the alleged incident.

5.  Cynthia Hurov, Halifax, Canada

    Ms. Hurov has been identified by plaintiff and Delta Air Lines, Inc. as a percipient witness. To the extent Ms. Hurov is a percipient witness to the alleged incident, she may have discoverable information regarding the alleged incident.

6.  Cindy Withrow, Halifax, Canada

    Ms. Withrow is the stepdaughter of the plaintiff, Averill Barkhouse, and has been identified by plaintiff and Delta Air Lines, Inc. as a percipient witness. To the extent Ms. Withrow is a percipient witness to the alleged incident, she may have discoverable information regarding the alleged incident.

7.  Paola Batta has been identified by Delta Air Line, Inc. as an individual with knowledge regarding liability. Ms. Batta may be the individual referred to as "Paula" in Ms. Withrow's May 9, 2003 statement provided by the plaintiffs with their Initial Disclosures and as such may have information relating to the circumstances surrounding the alleged incident.

8.  Linda McKay, Delta employee, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who was may have discoverable information relative to the alleged incident.

9.  Jack Fitzpatrick, Delta employee, has been identified by Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to the alleged incident.

10. Marie Buonapane, address unknown, has been identified by Delta Air Line, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

11. Paula Pretty, address unknown, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

2

58155.1

12. Benny Bonscalves, Delta employee, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

13. Maria Mocca, address unknown, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

14. Massport Supervisor Christine (last name unknown), address unknown, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

15. Ernie Turcott, address unknown, has been identified in Delta Air Lines, Inc.'s Irregularity Report as an individual who may have discoverable information relative to this alleged incident.

16. James Dykes, address unknown, may have discoverable information relative to this alleged incident.

17. George Watson, 161 Harvard Street, Dorchester, MA
    Mr. Watson is a former employee of GlobeGround. Mr. Watson is likely to have discoverable information regarding the circumstances surrounding Mr. Barkhouse's alleged accident.

18. GlobeGround reserves the right to supplement this list.

**(B)** **A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody and control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

The following is a description by category of all non-privileged documents currently in the possession, custody or control of GlobeGround or its attorneys, which it may use to support its defenses in this action. The following documents are available for inspection and copying at the offices of defendant's counsel:

1. Medical records regarding medical treatment rendered to Averill Barkhouse, produced by the plaintiff.

2. Delta Air Lines, Inc. Irregularity Report, produced by Delta Air Lines, Inc.

3. Master Agreement between Delta and GlobeGround North America, LLC, formerly known as Hudson General, LLC, dated September 1, 1998 and Airport Annex Bos. 1, dated January 1, 2000.

4. Delta Air Lines, Inc. Injured or Ill Passenger Report relative to April 28, 2003 occurrence relating to David Allen Carter

5. April 29, 2003 Flight Display, produced by Delta Air Lines, Inc.

6. May 3, 2003 Flight Display, produced by Delta Air Lines, Inc.

7. April 29, 2003 Memorandum from Fran Salamone to Jim Dykes, produced by Delta Air Lines, Inc.

8. GlobeGround reserves the right to supplement this list.

(C) **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not applicable.

(D) **For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

The declarations page for the applicable insurance policy will be made available for inspection and copying.

Respectfully Submitted,
GlobeGround North America LLC
By its attorneys,

_____ 5/22/06
Maynard M. Kirpalani, BBO# 273940
Helen E. Tsingos, BBO# 629762
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

4

58155.1

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I have this 22nd day of May, 2006, served a copy of the foregoing upon all parties by mailing same postage prepaid to:

Kevin C. Cain, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
308 Victory Road
Quincy, MA 02171

_____
Helen E. Tsingos

58155.1