UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVERILL BARKHOUSE and JODY BARKHOUSE<br>　　　　　Plaintiff<br><br>v.<br><br>DELTA AIR LINES, INC. and GLOBEGROUND NORTH AMERICA LLC<br>　　　　　Defendant | CIVIL ACTION NO. 05-11660 NG |

## PLAINTIFFS' MOTION FOR ORDER ENFORCING SETTLEMENT AGREEMENT

### RELEVANT FACTUAL BACKGROUND

On or about October 6, 2006 counsel for the plaintiffs accepted the settlement offer communicated by counsel for Globe Ground North America, LLC ("Globe Ground") on behalf of both named defendants. Pursuant to the verbal settlement agreement the plaintiff, Averill Barkhouse, was to receive the sum of $90,000.00 and the plaintiff, Jody Barkhouse, was to receive the sum of $10,000.00 and full and final settlement of all claims asserted against both defendants, Globe Ground and Delta Air Lines, Inc. ("Delta"). Counsel agreed that payment was to be contingent upon the execution of a mutually acceptable release.

A confirming email was sent on October 10, 2006 requesting defendant's counsel to send a releases for signature (See, "Exhibit A").

On or about October 17, 2006, counsel for the defendant, Globe Ground, forwarded two documents for signatures by the plaintiffs entitled "Release and Settlement Agreement". The

documents were drafted by counsel for Globe Ground and were not edited or revised in any way by counsel for the plaintiffs or Delta's counsel.

On October 24 and 25, 2006 executed releases were mailed to counsel for Globe Ground. (See, "Exhibit B" and "Exhibit C"). As previously agreed, each plaintiff released Globe Ground and Delta in consideration of the aforesaid payments. Neither release included any contingency regarding settlement of claims between the defendants.

On November 7, 2006 plaintiffs counsel sent an email to counsel for the defendants seeking, inter alia, confirmation of a date by which the plaintiffs would receive their respective settlement checks. In reply to this email counsel for Globe Ground indicated that the settlement payments were contingent on the receipt of Delta's executed release in favor of Globe Ground extinguishing Delta's indemnity rights (See, "Exhibit D"). Counsel for Globe Ground failed to provide a date by which payment would be received.

Nearly two months has elapsed since the plaintiffs accepted the settlement offer communicated by counsel for Globe Ground. Over a month has passed since executed releases were forwarded to counsel for Globe Ground.

## ARGUMENT

I.  It Is Well Within This Court's Authority To Enforce The Parties' Settlement Agreement.

This Court has broad inherent authority to regulate matters before it, including the authority to enforce settlement agreements. E.g., Peters v. Wallach, 366 Mass. 622, 626-628 (1975); Correia v. Desimone, 34 Mass. App. Ct. 601, 602-605 (1993); Strand v. Hubbard, 27 Mass. App. Ct. 684, 687-688 (1989); In re Mal DeMer Fisheries, Inc., 884 F. Supp. 635, 637 (D. Mass. 1995); Hadwari v. Keystone Shipping Co., 762 F. Supp. 426, 428 (D. Mass. 1991). This authority stems in part from the strong policy in favor of settlements as an alternative to litigation. E.g., United States v. Cannons Engineering Corp., 899 F. 2d 79, 84 (1st Cir. 1990);

Mathewson Corp. v. Allied Marine Industries, Inc., 827 F. 2d 850, 853 (1st Cir. 1987). "[W]hen parties voluntarily enter into a settlement agreement, it cannot be repudiated by either party, and the court will summarily enforce the agreement." In re Mal DeMer Fisheries, Inc., 884 F. Supp. At 637.

II.    The Settlement Agreement Should Be Enforced.

The Court should enforce the parties' Settlement Agreement for the following reasons.

A.    All the essentials of an enforceable contract are present, including offer, acceptance, consideration, and definite terms. There is agreement and a meeting of the minds as to all essential terms. The plaintiffs and defendants bargained for two things, and two things only: general releases and a cash payment. There was no discussion or negotiation between the defendants and the plaintiffs concerning releases or other side agreements as between the defendants only. The parties agreed only to release and payment, and that agreement is complete, fully supported by consideration, and enforceable.

B.    The plaintiffs have honored their promises and performed in full. Each plaintiff promptly, over a month ago, tendered original, executed, general releases on behalf of both of the defendants. Those releases were drafted by counsel for Globe Ground in a form acceptable to the defendants and in compliance with the Settlement Agreement.

C.    There is no authority issue here. The defense attorney who negotiated and entered into the Settlement Agreement on behalf of the defendants was authorized to act on behalf of the defendants and bind them to the Settlement Agreement with the plaintiffs. Michaud v. Michaud, 932 F. 2d 77, 80 (1st Cir. 1991). There is no evidence to the contrary. Defense counsel have never suggested that they lacked authority to settle with the plaintiffs.

D.    There is no evidence in support of Globe Ground's unique position. There is no contemporaneous writing supporting Globe Ground's interpretation of the Settlement

Agreement. The plaintiffs never agreed to wait for the defendants to exchange releases as a precondition to payment. Had that contingency been a part of the agreement it would have been included in the written contract drafted by Globe Ground's attorney.

     E.    In sum, the parties voluntarily entered into an integrated and enforceable Settlement Agreement consisting of clear terms and supported by consideration. The plaintiff has performed in full in compliance with the agreement. There is no condition precedent as Globe Ground claims. The agreement should be enforced. E.g., Peters v. Wallach, 366 Mass at 626-628; Correia v. Desimone, 34 Mass. App. Ct. at 602-605.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs' Motion for Order Enforcing Settlement Agreement should be granted, and the defendants ordered to pay the overdue $90,000.00 to Averill Barkhouse and $10,000.00 to Josephine Haret-Barhouse.

## RULE 7.1(2) CERTIFICATION

Plaintiffs' counsel hereby confirms that he has conferred with counsel for Globe Ground and counsel for Delta Airlines in an attempt to resolve or narrow the issue before the court.

                                      Plaintiffs
                                      by their attorney,

                                      Kevin C. Cain, BBO #550055
                                      PEABODY & ARNOLD LLP
                                      30 Rowes Wharf
                                      Boston, MA 02110
                                      (617) 951-2100

PABOS2:KCAIN:650430_1

# Kevin C. Cain

**From:** Kevin C. Cain
**Sent:** Tuesday, October 10, 2006 2:14 PM
**To:** 'Tsingos, Helen E.'; 'Thomas R. Murphy'
**Subject:** Barkhouse v. Delta et al

Helen,

Please permit this email to reconfirm my prior voice mail message in which I indicated that Averill will accept the sum of $90,000.00 U.S. Dollars to settle his claims against Delta and Globe Ground. Josephine Harret-Barkhouse will accept the sum of $10,000.00 U.S. Dollars to settle her claims.

If you require my clients to execute a release please email me the document so that I can forward it to my clients for signing.

Regards,

Kevin

1

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCain@peabodyarnold.com

October 24, 2006

Helen E. Tsingos, Esq.
Wilson, Elser, Moskowitz, Edelman, and Dicker
155 Federal Street
Boston, MA 02110

Re:   *Averill Barkhouse, et al v. Delta Air Lines, Inc., et al*
      Civil Action No. 05-11660 NG

Dear Helen:

Enclosed please find the original executed Release and Settlement Agreement signed by Josehine Haret-Barkhouse.

Very truly yours,

Kevin C. Cain

KCC/lrc
Enclosure

cc:   Thomas R. Murphy, Esq.
      Giarrusso Norton Cooley & McGlone, PC
      308 Victory Road
      Quincy, MA 02171

## RELEASE AND SETTLEMENT AGREEMENT

IN CONSIDERATION of the payment provided for herein, JOSEPHINE HARET-BARKHOUSE (hereinafter "RELEASOR"), on behalf of herself, her successors, heirs, administrators and assigns, and each past or present agent or representative, hereby remises, releases and forever discharges, GLOBEGROUND NORTH AMERICA LLC, and DELTA AIR LINES, and each and every one of their respective successors, heirs, administrators, assigns, shareholders, parent companies, subsidiaries, affiliates and related companies and each and every one of their officers, directors, present and former agents, representatives, employees, consultants, attorneys and insurers, whether primary or excess, of and from any and all claims, demands, causes of actions, obligations, liabilities (hereinafter "RELEASEES") and damages of any kind, name, nature, description, either at law or in equity, which RELEASOR has ever had, from the beginning of the world to the present, including but not limited to any and all RELEASOR'S claims, demands, causes of action, obligations, liabilities, and damages arising out of an alleged accident on or about on May 3, 2003, which was more particularly described in an action that was commenced in the United States District Court, Civil Action No. 05-11660NG

RELEASOR warrants that there are no liens upon the settlement money paid to her by RELEASEES except for any possible attorneys' lien for services rendered in connection with the above-referenced civil action, which RELEASOR will satisfy. If any person or entity sues the RELEASEES, or any one of their present or former agents, representatives, employees, consultants, officers, directors, attorneys or insurers for any claims arising out of any alleged lien on the money paid to RELEASOR in settlement, RELEASOR will hold harmless, defend and indemnify RELEASEES, their shareholders, parent companies, subsidiaries, affiliates and related

67189.1

companies, successors and assigns, their respective agents, representatives, employees, consultants, officers, directors, attorneys and insurers from all such claims. RELEASOR agrees that her duty to indemnify includes the duty to pay all costs and reasonable attorneys' fees incurred in defending against such claims and is in addition to and not in lieu of any other remedies RELEASEES may have for breach of this warranty.

Payment of the sum referred to below is solely in settlement of a disputed claim, which RELEASEES deny and is not and should not be construed in any way as an admission of liability or an admission that any of the facts asserted by RELEASOR are true, or that the claims or any portion thereof asserted by RELEASOR are well founded; said sum is provided solely in settlement of a disputed claim and to avoid the expense of litigation.

The consideration for this Release is the payment of the sum of Ten Thousand Dollars ($10,000.00) to Peabody & Arnold LLP as attorneys for Josephine Haret-Barkhouse, upon the signing of this Release and Settlement Agreement.

The RELEASOR agrees that she will execute or cause her attorneys to execute simultaneously herewith a Stipulation of Dismissal with Prejudice and without costs dismissing the plaintiff's Complaint in the United States District Court, Civil Action No. 05-11660NG.

This Release contains the entire agreement between and among the RELEASOR and RELEASEES and its terms are contractual and not merely a recital. It is expressly understood and agreed that there has been no promise or representation except as expressly provided herein.

RELEASOR understands that there is a risk that the damages and/or injuries allegedly suffered or expenses allegedly incurred by RELEASOR may become more serious than RELEASOR expects or anticipates. RELEASOR expressly accepts and assumes this risk and

agrees that this Release and Settlement Agreement shall be and remain effective notwithstanding any such misunderstanding as to the seriousness of said injuries and/or damage and/or expenses.

Each party has cooperated in the drafting and preparation of this Agreement. Hence, if any construction is to be made of this Agreement, the same shall not be construed against any party.

It is expressly understood and agreed that this is a full and final release of all claims against RELEASEES.

The parties intend that the invalidity or unenforceability of any provision of this Release shall not affect or render invalid or unenforceable any other provision. RELEASOR states that she has carefully read this Release and Settlement Agreement, has had it fully explained to her by her counsel of record such that she understands all of its terms and conditions, knows its content, and has signed it as her own free will and voluntary act.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ____ day of October, 2006.

_____
Josephine Haret-Barkhouse

I certify that this Release and Settlement Agreement was signed in my presence by Josephine Haret-Barkhouse who acknowledged that she fully understood it.

Witness: _____                Date: Oct 23/06

3

67189.1

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA    PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCain@peabodyarnold.com

October 25, 2006

Helen E. Tsingos, Esq.
Wilson, Elser, Moskowitz, Edelman, and Dicker
155 Federal Street
Boston, MA 02110

    Re:    *Averill Barkhouse, et al v. Delta Air Lines, Inc., et al*
            Civil Action No. 05-11660 NG

Dear Helen:

    Enclosed please find the original executed Release and Settlement Agreement signed by Averill Barkhouse.

                                                Very truly yours,

                                                Kevin C. Cain

KCC/lrc
Enclosure

cc:    Thomas R. Murphy, Esq.
        Giarrusso Norton Cooley & McGlone, PC
        308 Victory Road
        Quincy, MA 02171

## **RELEASE AND SETTLEMENT AGREEMENT**

IN CONSIDERATION of the payment provided for herein, AVERILL BARKHOUSE (hereinafter "RELEASOR"), on behalf of himself, his successors, heirs, administrators and assigns, and each past or present agent or representative, hereby remises, releases and forever discharges, GLOBEGROUND NORTH AMERICA LLC, and DELTA AIR LINES, and each and every one of their respective successors, heirs, administrators, assigns, shareholders, parent companies, subsidiaries, affiliates and related companies and each and every one of their officers, directors, present and former agents, representatives, employees, consultants, attorneys and insurers, whether primary or excess, of and from any and all claims, demands, causes of actions, obligations, liabilities (hereinafter "RELEASEES") and damages of any kind, name, nature, description, either at law or in equity, which RELEASOR has ever had, from the beginning of the world to the present, including but not limited to any and all RELEASOR'S claims, demands, causes of action, obligations, liabilities, and damages arising out of an alleged accident on or about on May 3, 2003, which was more particularly described in an action that was commenced in the United States District Court, Civil Action No. 05-11660NG .

RELEASOR warrants that there are no liens upon the settlement money paid to him by RELEASEES except for any possible attorneys' lien for services rendered in connection with the above-referenced civil action, which RELEASOR will satisfy. If any person or entity sues the RELEASEES, or any one of their present or former agents, representatives, employees, consultants, officers, directors, attorneys or insurers for any claims arising out of any alleged lien on the money paid to RELEASOR in settlement, RELEASOR will hold harmless, defend and indemnify RELEASEES, their shareholders, parent companies, subsidiaries, affiliates and related companies, successors and assigns, their respective agents, representatives, employees, consultants, officers, directors, attorneys and insurers from all such claims. RELEASOR agrees that his duty to indemnify includes the duty to pay all costs and reasonable attorneys' fees incurred in defending against such claims and is in addition to and not in lieu of any other remedies RELEASEES may have for breach of this warranty.

Payment of the sum referred to below is solely in settlement of a disputed claim, which RELEASEES deny and is not and should not be construed in any way as an admission of liability or an admission that any of

the facts asserted by RELEASOR are true, or that the claims or any portion thereof asserted by RELEASOR are well founded; said sum is provided solely in settlement of a disputed claim and to avoid the expense of litigation.

The consideration for this Release is the payment of the sum of Ninety Thousand Dollars ($90,000.00) to Peabody & Arnold LLP as attorneys for Averill Barkhouse, upon the signing of this Release and Settlement Agreement.

The RELEASOR agrees that he will execute or cause his attorneys to execute simultaneously herewith a Stipulation of Dismissal with Prejudice and without costs dismissing the plaintiff's Complaint in the United States District Court, Civil Action No. 05-11660NG.

This Release contains the entire agreement between and among the RELEASOR and RELEASEES and its terms are contractual and not merely a recital. It is expressly understood and agreed that there has been no promise or representation except as expressly provided herein.

RELEASOR understands that there is a risk that the damages and/or injuries allegedly suffered or expenses allegedly incurred by RELEASOR may become more serious than RELEASOR expects or anticipates. RELEASOR expressly accepts and assumes this risk and agrees that this Release and Settlement Agreement shall be and remain effective notwithstanding any such misunderstanding as to the seriousness of said injuries and/or damage and/or expenses.

Each party has cooperated in the drafting and preparation of this Agreement. Hence, if any construction is to be made of this Agreement, the same shall not be construed against any party.

It is expressly understood and agreed that this is a full and final release of all claims against RELEASEES.

The parties intend that the invalidity or unenforceability of any provision of this Release shall not affect or render invalid or unenforceable any other provision. RELEASOR states that he has carefully read this Release and Settlement Agreement, has had it fully explained to him by his counsel of record such that he understands all of its terms and conditions, knows its content, and has signed it as his own free will and voluntary act.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 17 day of October, 2006.

_Averill Barkhouse_

Averill Barkhouse

    I certify that this Release and Settlement Agreement was signed in my presence by Averill Barkhouse who acknowledged that he fully understood it.

Witness: *Joanne MacInnes*                       Date: Oct/17/06

## Kevin C. Cain

| From: | Kevin C. Cain |
|---|---|
| Sent: | Tuesday, November 07, 2006 1:46 PM |
| To: | 'Tsingos, Helen E.' |
| Cc: | 'Thomas R. Murphy'; 'Kirpalani, Maynard' |
| Subject: | RE: Barkhouse v. Delta et al |

Helen,

I respectfully disagree. The agreement you drafted controls the settlement between my clients, Globe Ground, and Delta. You did not condition payment to my clients on Delta signing a release of its indemnity obligations. You elected to deal with that issue in a separate agreement which did not include my clients. As a practical matter you will have a parole evidence problem if this degenerates into a 93A/176D case.

Regards,

Kevin

---

**From:** Tsingos, Helen E. [mailto:Helen.Tsingos@wilsonelser.com]
**Sent:** Tuesday, November 07, 2006 1:28 PM
**To:** Kevin C. Cain
**Cc:** Thomas R. Murphy; Kirpalani, Maynard
**Subject:** RE: Barkhouse v. Delta et al

Kevin,

For the record, your representation is not accurate. Both you and Tom had repeatedly suggested that GlobeGround settle with the plaintiffs and then continue to litigate with Delta. As I repeatedly advised, my client was not interested in such a proposal nor was it something I would recommend.

In an effort to address Delta's newly expressed position that it will not provide an executed Release until the settlement drafts are disbursed, I suggested to Tom last week that we have a mutual exchange of documents at my office.

I'd ask that Tom confirm that is acceptable to his client. As far as the Stipulation of Dismissal goes, if one of you wants to insist on it, we can have it hand delivered to the court at that time.

Best Regards,
Helen

Helen E. Tsingos, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
Boston, MA  02110
Tel.: (617) 422-5300
Fax: (617) 423-8917
www.wemed.com

11/27/2006

Case 1:05-cv-11660-NG    Document 12    Filed 11/27/2006    Page 15 of 16

Barkhouse vs. Delta et al                                                        Page 2 of 3

**From:** Kevin C. Cain [mailto:KCain@peabodyarnold.com]
**Sent:** Tuesday, November 07, 2006 12:50 PM
**To:** Tsingos, Helen E.
**Cc:** Thomas R. Murphy; Kirpalani, Maynard
**Subject:** RE: Barkhouse v. Delta et al

Helen,

My clients have fullfilled all of their obligations by executing releases in favor of Globe Ground and Delta. Executing the release that you drafted was the only prerequisite to payment that you and I ever discussed.

Regards,

Kevin

---

**From:** Tsingos, Helen E. [mailto:Helen.Tsingos@wilsonelser.com]
**Sent:** Tuesday, November 07, 2006 11:52 AM
**To:** Kevin C. Cain
**Cc:** Thomas R. Murphy; Kirpalani, Maynard
**Subject:** RE: Barkhouse v. Delta et al

Kevin,

Thank you for the email. As I'd indicated to you when we spoke, I needed to get executed releases before settlement drafts could be processed. I have forwarded your clients' releases to my client but have not yet received Delta's executed release.

As far as you characterization of the settlement, it is not correct. GlobeGround agreed to a global resolution of all claims in this matter and had specifically and repeatedly rejected all previous suggestions that it settle with the Plaintiffs and then continue to litigate with Delta.

I'd ask that Tom's client forward an executed release as previously promised so we can all proceed with putting this matter to bed once and for all.

Best Regards,
Helen

Helen E. Tsingos, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Tel.: (617) 422-5300
Fax: (617) 423-8917
www.wemed.com

---

**From:** Kevin C. Cain [mailto:KCain@peabodyarnold.com]
**Sent:** Tuesday, November 07, 2006 11:29 AM
**To:** Tsingos, Helen E.
**Cc:** Thomas R. Murphy
**Subject:** Barkhouse v. Delta et al

Helen,

As you know, on or about October 6, 2006 I verbally accepted your client's settlement offer. On October 10, 2006 I sent you a confirming email. I did not receive your settlement agreement/release until October 17. The two executed releases were returned to you on October 24 and 25, 2006. As you know, my clients have released

11/27/2006

Globe Ground and Delta.

Delta's release in favor of Globe Ground was not a precondition to payment when we reached agreement on settlement on or about October 6, 2006. More than a month has now passed since my verbal acceptance of your offer and nearly two weeks have elapsed since I forwarded the executed releases to you.

Please confirm that the settlement payment will be delivered to my office by the close of business this Friday, November 10, 2006.

Regards,

Kevin

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service,

The information contained in this electronic message and any attachments to this mes


This communication was not intended or written to be used,
and it cannot be used by any taxpayer, for the purpose of
avoiding tax penalties. (The foregoing legend has been
affixed pursuant to U.S. Treasury Regulations governing tax practice.)

*************************************************************


CONFIDENTIALITY NOTICE: This electronic message is
intended to be viewed only by the individual or entity to
whom it is addressed. It may contain information that is
privileged, confidential and exempt from disclosure under
applicable law. Any dissemination, distribution or
copying of this communication is strictly prohibited
without our prior permission. If the reader of this
message is not the intended recipient, or the employee or
agent responsible for delivering the message to the
intended recipient, or if you have received this
communication in error, please notify us immediately by
return e-mail and delete the original message and any
copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz,
Edelman & Dicker LLP, please see our website at
www.wilsonelser.com or refer to any of our offices. Thank
you.


To ensure compliance with requirements imposed by the U.S. Internal Revenue Service,

The information contained in this electronic message and any attachments to this mes